FRED A. RISSER, President Senate Committee on Organization
On behalf of the Senate Organization Committee you have asked whether the burden of proof standard for involuntary civil commitments under sec. 51.20 (13) (e), Stats., can survive the decision of the United States Supreme Court in Addington v.Texas, 99 S.Ct. 1804 (1979).
In my opinion the answer is yes.
Section 51.20 (13)(e), Stats., provides that "[t]he burden of proof shall be upon the petitioner to prove all required facts beyond a reasonable doubt, except that probability of physical harm, impairment or injury shall be proven to a reasonable certainty by evidence which is clear, satisfying and convincing."
Addington dealt with the question of what standard of proof is required by the Fourteenth Amendment to the United States Constitution. 99 S.Ct. at 1806. The Court held that the burden must be greater than "a mere preponderance of the evidence," id. at 1810, but that it need not equal the strict, criminal standard of beyond a reasonable doubt. Id. at 1811-12. Instead, the Court held that due process requires that the elements be established by a clear and convincing standard. Id. at 1813.
It is clear that sec. 51.20 (13)(e), Stats., meets the clear and convincing standard in respect to proof of physical harm, impairment, or injury. As to the other elements for a commitment, however, it also is clear that this statute requires more than due process mandates. *Page 407 
The fact that the statute requires more than is required by due process does not invalidate the statute. As stated in Oregon v.Hass, 420 U.S. 714, 719 (1975): "[A] State is free as a matter ofits own law to impose greater restrictions on police activity than those this Court holds to be necessary upon federal constitutional standards" (emphasis the Court's). Accord,Thompson v. State, 83 Wis.2d 134, 265 N.W.2d 467 (1978), andState v. Doe, 78 Wis.2d 161, 171, 254 N.W.2d 210 (1977).
BCL:CDH